UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LOMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO:  1:18-cv-03905 |
| | ) | |
| AARON'S INC. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Mr. Christopher Loman, hereinafter Mr. Loman, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendant, Aaron's Inc., hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and Retaliatory Discharge for exercising a statutorily conferred right pursuant to *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Mr. Loman, is a male citizen of the United States, and is a qualified employee with a disability as defined in 42 U.S.C. 12102 (ADA).

5. Defendant is a qualified employer as the term is defined in 42 U.S.C. 12102 (ADA).

6. Defendants is a foreign for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

1. On or about July 30, 2018, Mr. Loman filed charges of Disability Discrimination, Retaliation for seeking benefits under Indiana's worker's compensation statute against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2018-03671.

2. On or about September 13, 2018, Mr. Dunbar received a Notice of Right to Sue from the EEOC for Charge Number 470-2018-03671, entitling him to commence action within ninety (90) days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

3. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

4. The Defendant hired Mr. Loman on or about May 14, 2017.

5. Throughout his employment with Defendant, Mr. Loman met or exceeded Defendant's legitimate expectations of performance.

6. On or about December 2017 Mr. Loman sustained a work related injury.

7. On or about March 27, 2018, Mr. Loman underwent surgery for his injury.

8. Following his surgery Mr. Loman was advised not to drive or operate machinery due to taking pain medication following his surgery.

9. The Defendant contacted Mr. Loman and advised that they wanted him to return to work.

10. Mr. Loman informed the Defendant that he was on pain medication.

11. The Defendant informed Mr. Loman that he could return to work on the pain medication.

12. On or about April 2018, Mr. Loman's pain medication made him drowsy causing him to fall asleep at work.

13. Mr. Loman's manager informed him that this would just be a write-up since Mr. Loman had no other disciplinary record or issues.

14. Several weeks after the sleeping incident, on or about May 3, 2018, Mr. Loman was terminated by the regional manager.

15. At the time of Mr. Loman's termination he was no longer on the strong pain medication.

16. The Defendant terminated Mr. Loman in retaliation for seeking lawful benefits under Indiana's worker's compensation statute.

17. The Defendant discriminated against Mr. Loman due to his disability.

18. The Defendant failed to accommodate Mr. Loman.

## COUNT I

## **DISCRIMINATION ON THE BASIS OF A DISABILITY**

Mr. Loman, for his first claim for relief against Defendant, states as follows:

19. Mr. Loman hereby incorporates by reference paragraphs 1 through 18 as though previously set out herein.

20. At all times relevant to this action, Mr. Loman was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

21. The conduct as described hereinabove constitutes discrimination on the basis of Mr. Loman's disability.

22. The Defendant failed to engage in the interactive process with Mr. Loman concerning his disability as required by the ADA.

23. The Defendant failed to accommodate Mr. Loman's disability.

24. The Defendant intentionally and willfully discriminated against Mr. Loman because he is disabled and/or because Mr. Loman has a record of being disabled and/or because the Defendant regarded Mr. Loman as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

25. Defendant's actions were intentional, willful and in reckless disregard of Mr. Loman's rights as protected by the ADA.

26. Mr. Loman has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## **COUNT II**

## **RETALIATION FOR SEEKING WORKER'S COMPENSATION BENEFITS**

27. Mr. Loman hereby incorporates by reference paragraphs 1 through 26 as though previously set out herein.

7. Mr. Loman sustained work related injuries during his employment with Defendant.

8. The conduct as described hereinabove constitutes retaliation on the basis of Mr. Loman lawfully seeking statutory worker's compensation benefits in violation of the law set forth in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).

9. Defendant intentionally and willfully refused to accommodate Mr. Loman's disability caused by his work injury and failed to allow him to return to his employment in retaliation for him seeking his lawful rights under Indiana's Worker's Compensation laws. Similarly situated individuals who were not seeking worker's compensation benefits were treated more favorably in the terms, privileges and conditions of their employment.

10. Defendant's actions were intentional, willful and in reckless disregard of Ms. Loman's rights under Indiana Law.

11. Mr. Loman has suffered emotional and economic damages as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Mr. Loman, respectfully requests that this Court enter judgment in his favor and:

a. Order Defendant to pay Mr. Loman his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

    b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

    c. Pay compensatory damages;

    d. Pay punitive damages;

    e. Pay liquidated damages

    f. Pay for lost future wages

    g. Pay to Mr. Loman all costs and attorney's fees incurred as a result of bringing this action;

    h. Payment of all pre- and post judgment interest;

    i. Provide to Mr. Loman all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Mr. Loman, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks  
Heather R. Falks 29907-41  
STEWART & STEWART Attorneys  
931 S. Rangeline Rd.  
Carmel IN 46032  
(317) 846-8999  
Fax: (317) 843-1991  
heatherf@getstewart.com  
Attorney for Plaintiff